## JONATHAN SPOONER *v.* JULIA S. RICE and WILLIAM B. RICE, her husband.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED APRIL 1, 1897.     DECIDED APRIL 30, 1897.

FREAR AND WHITING, JJ., AND J. T. DE BOLT, ESQ., OF THE BAR, IN PLACE OF JUDD, C.J., ABSENT.

An ouster of the grantee by the grantor from a portion of the premises conveyed by a deed poll is no defense to an action of assumpsit brought against the grantee by the grantor upon a promise implied from the acceptance of the deed by the grantee and a condition therein that the grantee should pay a certain sum weekly to the grantor during his life.

Interest is allowable upon each such sum from the date it became due.

OPINION OF THE COURT BY FREAR, J.

The plaintiff executed and delivered in consideration of love and affection a certain deed, dated October 15, 1884, of a certain parcel of land to his daughter, the principal defendant, for her life, remainder to her heirs, "upon the express condition that the said Julia Spooner Rice shall well and truly pay to me (the grantor) the sum of Five (5) Dollars each and every week during the term of my natural life." The said defendant accepted the deed and paid the plaintiff the weekly sums until October 1, 1887, since which date no such payments have been made. The plaintiff brings this action of assumpsit for the weekly sums payable since that date and interest. The Circuit Court, having heard the case jury waived, ordered judgment for the plaintiff against the principal defendant, for the sum of $1560, being the sum of the amounts that became payable within six years next preceding the commencement of this action, and for interest and costs, and ordered judgment for the other defendant. The case now comes here on defendants' exceptions.

The principal question raised by these exceptions is whether the trial Judge erred in refusing to admit evidence offered by the defendants tending to show that since 1889 the plaintiff had been in exclusive unlawful possession of a part of the land and had by force ejected and kept out the grantee from the same. It is agreed that no lawful entry was made upon the land by the plaintiff for the purpose or with the effect of determining the estate as for a breach of the condition. The defendants rely solely on the rule applicable to the relation of landlord and tenant, that an eviction of the tenant by the landlord from a portion of the demised premises excuses the tenant from the payment of any portion of the rent during the continuance of the eviction. That rule however is confined to cases where the relation of landlord and tenant exists and even then it extends only to the covenant for rent, not to other

covenants. *Morrison v. Chadwick*, 7 C. B. 266. In the present case the relation of landlord and tenant was not created. There are no words in the deed tending to show that that relation was intended to be created. The deed is an ordinary deed of conveyance, the operative words of which are "give, grant, bargain, sell and convey." The consideration is love and affection. The *habendum* is to the grantee for her life, remainder to her heirs. Nor is the provision for weekly payments in the nature of a reservation of rent or a profit issuing out of the land or a compensation for the use of the land. It is rather in the nature of a provision for an additional consideration for the conveyance—in the form of a condition. If the grantor has ousted the grantee from a portion of the premises or trespassed thereon, her remedy is not by way of defense to an action for the weekly sums, but by some other action, such as ejectment or trespass.

An exception was taken to the allowance of interest on each weekly sum from the day it became due. Counsel did not touch upon this point in this court in either argument or brief. We know of no sufficient reason for sustaining the exception.

Before argument on the exceptions, plaintiff's counsel moved this court to strike the cause from the Calendar on the grounds that the bill of exceptions did not appear to have been presented by counsel to the trial Judge for allowance nor to have been allowed and signed by the latter, within the time alleged to be prescribed by statute and rule of court. The court reserved its decision upon these questions but it will now be unnecessary to pass upon them in view of the conclusion to which we have come on the exceptions themselves.

The exceptions are overruled.

*A. S. Humphreys* and *Geo. A. Davis*, for plaintiff.

*Kinney & Ballou*, for defendants.